IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| v. | ) | Criminal No. 07-94 |
| JOSEPH SIMON | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Soo C. Song, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
| --- | --- | --- |
| 1 | Coercion and Enticement from on or about November 9, 2006, to on or about November 18, 2006 | 18 U.S.C. § 2422(a) |

### II. ELEMENTS OF THE OFFENSE

**A. As to Count One:**

In order for the crime of Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly persuaded, induced, enticed or coerced any individual to travel in interstate commerce;

> Title 18, United States Code, Section 2422(a); United States v. Odofot, 711 F.2d 831, 835-837 (8th Cir. 1983); United States v. Fierros, 692 F.2d 1291, 1293-1294 (9th Cir. 1982).

2. That the defendant intended the individual to engage in prostitution or any sexual activity for which he (the defendant) could be charged with a criminal offense.

> Title 18, United States Code, Section 2422(a); 18 U.S.C. § 2422(a); United States v. Rashkovski, 301 F.3d 1133, 1137 (9th Cir. 2002). See also United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004); Nunnally v. United States, 291 F.2d 205, 206 (5th Cir. 1961) (under prior version of Section 2422(a), "it is inducing the transportation for the immoral purpose that is the crime").

### III. PENALTIES

**A. As to Count One:** Coercion and Enticement (18 U.S.C. § 2422(a)):

1. Imprisonment for not more than twenty (20) years, 18 U.S.C. § 2422(a);

2. A fine of not more than $250,000.00, 18 U.S.C. §3571(b)(3);

3. A term of supervised release of up to life, 18 U.S.C. § 3583(k); and

4. Any or all of the above.

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. **RESTITUTION**

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §3663, 3663A and 2259.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

SOO C. SONG
Assistant U.S. Attorney
D.C. ID 457268