```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA     )
                             )
         V.                  ) Criminal No. 07-94
                             )
JOSEPH SIMON                 )

**MEMORANDUM IN AID OF SENTENCING**

AND NOW, comes the defendant, Joseph Simon, by his attorney, Michael J. Novara, First Assistant Federal Public Defender, and respectfully files this Memorandum in Aid of Sentencing. In support thereof counsel states:

**Introduction**

Joseph Simon, an over-the-road truck driver, engaged in sexual activity with an underage female while traveling with her from California to Pittsburgh in November 2006. He claims that she told him she was 18 and that he did not know she was underage. The government has asserted that he knew or should have known she was underage. Mr. Simon believes that certain facts support his position, such as the fact that the young woman told a third party who met up them with while on the trip that she was 18. The government cites other facts in support of its position.

But the Court need not decide this issue at sentencing as the parties have agreed in this case that knowledge of age is not an element of the offense, and have further agreed that the applicable guideline under the Federal Sentencing Guidelines ("Guidelines") is U.S.S.G. § 2A3.2 Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape).

In light of this agreement, Mr. Simon's advisory federal sentencing guideline range is 37 to 46 months.  For the reasons set forth herein, Mr. Simon respectfully requests that the Court impose a sentence of 37 months incarceration – the low point of his applicable advisory guideline range.

**Discussion**

In United States v. Booker, 125 S.Ct. 738 (2005), the United States Supreme Court held that the United States Sentencing Guidelines violate a defendant's Sixth Amendment right to trial by jury by requiring the sentencing judge to increase a defendant's sentence based upon facts not charged in an indictment or proven to a jury beyond a reasonable doubt.  Booker, 125 S.Ct. at 756.  In Booker, the Supreme Court held, in its remedial opinion, that the sentencing Court could nevertheless engage in factual inquires at sentencing, provided the Court merely considered the policies

embodied in the Sentencing Guidelines, along with other sources of information, without viewing the Guidelines themselves as binding.  This holding solved the Sixth Amendment violation by removing the requirement that the judge impose a more severe sentence based upon facts not proven to a jury.  Id. at 756-77.

Thus, the Sentencing Guidelines are now advisory.  Id.  This Court's sentence is no longer driven and controlled by rigid adherence to the technicalities of the Sentencing Guidelines.  Rather, under Booker, this Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Appropriate factors for consideration include "the nature and circumstances of the offense and the history and characteristics of the defendant ...."  Id. at subsection (a)(1).

Notwithstanding Booker and its progeny, the parties have agreed in the present case that a sentence within the advisory guideline range will be reasonable.  Assuming that the Court agrees, the question then becomes, within this guideline range of 37 to 46 months, what sentence is sufficient, but not greater than necessary?

In light of the nature of the offense and Mr. Simon's history and characteristics, it is asserted that a sentence of three years incarceration is sufficient to meet the purposes of sentencing, and that anything longer than that would be greater than necessary. Notwithstanding any period of incarceration, Mr. Simon will be placed on supervised release for at least 5 years, and has agreed to register as a sex offender if required by law to do so. Accordingly, Mr. Simon respectfully requests that he be sentenced to a term of incarceration of 37 months, the low point of his agreed upon guideline range.

Respectfully submitted,

**s/ Michael J. Novara**
Michael J. Novara
First Assistant Federal Public Defender
Attorney I.D. No. 66434