IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-94 |
| | ) | |
| JOSEPH SIMON, | ) | |
|     Defendant. | ) | |

TENTATIVE FINDINGS AND RULINGS
CONCERNING ADVISORY GUIDELINES RANGE

CONTI, District Judge.

On March 12, 2009, defendant Joseph Simon ("defendant") pled guilty to coercion and enticement in violation of 18 U.S.C. § 2422(a). Pursuant to Local Criminal Rule 32.1, counsel for defendant and for the government each had an opportunity to submit objections to the Presentence Investigation Report ("PIR") prepared by the Probation Office. There were no objections filed.

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in section 3553(a) that the court is required to consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense as set forth by the United States Sentencing Guidelines. At the time of sentencing, the court will impose the defendant's sentence in consideration of all of the factors set forth under section 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

1. The United States Sentencing Commission guideline for a violation of 18 U.S.C. § 2422(a) is found at U.S.S.G. § 2A3.2 and calls for a base offense level of 18.

2. Pursuant to U.S.S.G. § 2A3.2(b)(2)(ii), since the offense involved unduly influencing the minor to engage in prohibited sexual conduct, the offense level is increased for an adjusted offense level of 22.

3. Because the offense involved distribution other than the distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3), the offense level is increased by two levels for an adjusted offense level 22. U.S.S.G. § 2G2.2(b)(3)(F).

4. Defendant's base offense level shall be decreased 2 levels because defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. U.S.S.G. § 3E1.1(a).

5. Defendant timely notified the government of his intention to plead guilty. Therefore, pursuant to U.S.S.G. § 3E1.1(b), defendant's offense level shall be reduced by 1 additional level.

6. Defendant's total offense level, therefore, is 19.

7. Defendant has 4 criminal history points. According to the sentencing table at U.S.S.G. Chapter 5, Part A, 4 criminal history points establish a criminal history category of III.

8. Based upon a total offense level of 19 and a criminal history category of III, the guideline range for imprisonment is 37-46 months. U.S.S.G. Chapter 5, Part A. The statutory term of imprisonment is a maximum term of 20 years. 18 U.S.C. § 2422(a)

9. A term of supervised release of at least 5 years and up to life is required pursuant to 18 U.S.C. § 3583(k). The guidelines range for a term of supervised release shall not be less than the minimum required by statute. 18 U.S.S.G. § 5D1.2(c). Because the instant offense is a sex offense,

the advisory guidelines recommend a range at the statutory maximum for a term of supervised release of life. U.S.S.G. § 5D1.2 (Policy Statement).

10. Defendant is eligible for not less than 1 or more than 5 years probation by statute. 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. U.S.C. § 3563(a)(2). Probation is not recommended by the guidelines because the applicable guideline range is in Zone D of the Sentencing Table. U.S.S.G. § 5C1.1(f).

11. The fine range for the instant offense is from $6,000 to $60,000. U.S.S.G. § 5E1.2(c)(3). The maximum fine by statute is $250,000. 18 U.S.C. § 3571.

12. Defendant must pay a special assessment of $100. 18 U.S.C. § 3013.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Date: September 3, 2009

cc: Counsel of Record